# EXHIBIT G

|  | **Authorized Armory Items during Use of Force**<br>**Connecticut Department of Correction** | Attachment A<br>REV 10/01/18<br>AD 6.5 |
|---|---|---|

### Authorized Armory Items utilized during Use of Force Situations.

1. <u>Restraints</u>.
   a. <u>Authorized Use</u>.
      i. Restraints as a use of physical force may be authorized to:
         1. prevent escape;
         2. prevent injury to others or self;
         3. prevent property damage;
         4. ensure compliance with an order; and,
         5. maintain order, safety and security.
      ii. An inmate placed in restraints for a period longer than one (1) hour shall be placed on restrictive status in accordance with Administrative Directive 9.4, Restrictive Status. .
      iii. Use of restraints in accordance with Administrative Directives 6.4, Transportation and Community Supervision of Inmates, 9.4, Restrictive Status, or for routine movement shall not be considered a use of physical force under this Directive.
      iv. Physical force shall not be used for the harassment or punishment of any person.
   b. <u>Use of Restraints for Inmates Known to be Pregnant and Postpartum Inmates.</u> Use of restraints for inmates known to be pregnant and postpartum inmates shall be in accordance with this section. Placement of an inmate known to be pregnant or a postpartum inmate on restraints shall be approved by the Shift Commander. The Shift Commander shall notify the Unit Administrator or designee within one (1) hour of placement. Placement shall also require completion of an incident report in accordance with AD 6.6, Reporting of Incidents.
      i. <u>Criteria</u>.
         1. Except as provided in section 2 of this subsection, Correctional staff of the York Correctional Institution shall not use any leg or waist restraint on any inmate of the institution who is known to be pregnant or in the postpartum period.
         2. The Shift Commander or designee may utilize restraints to protect the inmate known to be pregnant and the postpartum inmate from imminent self-injury, to protect the safety of staff or other inmates, or to prevent escape.
            a. An inmate known to be pregnant may only be restrained using handcuffs that are placed on the wrists held in front of the inmate's body
            b. When there are compelling grounds to believe that the inmate presents either (A) an immediate and serious threat of harm to herself, staff and others, or (B) a substantial flight risk that cannot be contained by any other means, the inmate may be placed in metal handcuffs, metal leg restraints and/or waist and tether chains. Except under exigent circumstances, the use of such restraints shall be approved by the Unit Administrator or designee.
               i. Such restraints shall be the least restrictive kind of restraints considering the circumstances.
      ii. <u>Documentation.</u>
         1. When it is determined that restraints must be utilized to address an immediate and serious threat of harm to the inmate, staff and others or to address a substantial flight risk, Correctional staff shall document, in accordance with Administrative Directive 6.6, Reporting of Incidents, the following information:
            a. reasons for such determination;
            b. the kind of restraints used;
            c. the reasons staff considered such restraints to be the least restrictive kind available and the most reasonable means of preventing harm or escape.
      iii. <u>Transport</u>. In addition to the use of restraints outlined in this subsection and in accordance with the provisions of Administrative Directive 6.4, Transportation and Community Supervision of Inmates, the correctional staff at York Correctional Institution shall ensure that any inmate determined by a licensed healthcare provider to be in the second or third trimester of a pregnancy is transported to and



Talbot - 000934



| | |
|---|---|
| **Authorized Armory Items during Use of Force**<br>**Connecticut Department of Correction** | Attachment A<br>REV 10/01/18<br>AD 6.5 |

        3. The presence of a known physical condition, medical or mental health concern, known to staff utilizing the chemical agent which may contraindicate use, (e.g., heart or respiratory condition, irregular breathing. etc.);

    iii. Chemical agents shall be designated as Category 1 or 2 devices and may be authorized for use by properly trained and certified staff as follows:

        1. <u>Category I Chemical Agents</u>. A properly trained and currently certified custody supervisor or designated Department employee may be authorized to routinely carry and use as appropriate a Category I chemical agent. OC shall be authorized for use as appropriate during transportation in accordance with this Directive. A custody supervisor may authorize the issuance and use as appropriate of Category I chemical agents to trained and certified staff in accordance with this Directive and Administrative Directive 7.2, Armories. Upon the direction of a supervisor, a tactical operations team member shall be authorized to carry and use Category I chemical agents in accordance with this Directive.

        2. <u>Category II Chemical Agents</u>. Specially trained and designated staff may use Category II chemical agents on the authorization of the highest ranking onsite facility supervisor and subject to the direct supervision of a custody supervisor in accordance with this Directive.

  b. <u>List of Authorized Personnel</u>. A current list of personnel certified and authorized to use chemical agents shall be posted and maintained in the armory where deployment of such agent would occur in accordance with Administrative Directive 7.2, Armories.

  c. <u>Contraindication of the Use of Chemical Agents</u>.

    i. Chemical Agent may be utilized during a spontaneous use of force to control and gain compliance of an emergency situation.

    ii. Prior to a planned use of physical force employing chemical agents and absent exigent circumstances, the inmate's health record shall be reviewed by a qualified health services staff member to determine whether the use of chemical agents on the inmate is medically contraindicated.

        1. The outcome of this consultation shall be documented on a medical incident report and in the inmate's health record.

    iii. If the use of chemical agents is medically contraindicated, but there are exigent circumstances that require the use of a chemical agent, the custodial supervisor shall speak with medical staff regarding what the contradictions are and how they can be treated if chemical agent is utilized to protect the safety and security of the inmate(s) and staff.

    iv. The custodial supervisor shall then communicate with the Unit Administrator or designee to determine if chemical agent may be utilized despite being medically contradicted.

        1. If the Unit Administrator or designee approves the ability for chemical agent to be utilized despite being medically contraindicated, then the custodial supervisor and medical staff shall ensure that there is medical care in the direct area to administer appropriate medical interventions after exposure to chemical agent.

  d. <u>Decontamination</u>. Decontamination of any exposed person and the contaminated area shall be accomplished as soon as practical and consistent with the safe and secure operation of the facility upon restoration of control of the incident. Decontamination of any exposed person shall include at a minimum:

    i. flushing of the eyes;

    ii. a shower (when available);

        1. If decontamination in a shower is not available or practical due location of showers or posing a risk to safety and security, the supervisor on scene shall at the minimum ensure that the inmate exposed to chemical agent is to be removed from the affected area and brought to a medical screening room for evaluation and treatment by medical staff;

    iii. change of clothing;

    iv. medical attention; and,

    v. removal of the person from the affected area if possible.

Talbot - 000940