THE MENT LAW GROUP, PC • ATTORNEYS AT LAW
GOODWIN SQUARE • 225 ASYLUM STREET • HARTFORD, CONNECTICUT 06103 • (860) 969-3200 • JURIS NO. 439422

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Colleen Lord and Robert Francis Talbot, Jr.,** : <br> **Co-Administrators of the Estate of Carl** : <br> **Talbot** : <br>         **Plaintiff** : <br> vs. : <br> : <br> **Carlos Padro, Arden Coggins, Nicholas** : <br> **Belanger, Jeffrey Gibbons, Eddie Daniels,** : <br> **Nekengie Brookshire, Corron Petaway,** : <br> **Charles Washington, Malcolm Gatison,** : <br> **Patrick Davidson, Bii-Ron Wilkes, Jon** : <br> **Antoine, Margo Zukowska, Jeanette** : <br> **Maldonado, Stacey Marmora, and Marco** : <br> **Perez** : <br>         **Defendants** | **CASE NO: 3:22-CV-0322-VLB** <br><br><br><br><br><br><br><br><br><br><br><br>**May 19, 2023** |

## DEFENDANTS OBJECTION TO CO-DEFENDANTS MOTION TO QUASH

Pursuant to the F.R.C.P. 45(d), the Defendant, Carlos Padro, hereby objects to the co-defendant's motion to quash the deposition of William Tong, the Attorney General of the State of Connecticut and seeks to compel the deposition of the Attorney General.

The deposition of the Attorney General is appropriate because he appears to have had unique, first-hand knowledge related to the litigation, and the necessary information cannot be obtained through other, less intrusive, or burdensome means. The Attorney General claims to lack any first-hand knowledge of any of the alleged facts; however, it was the Attorney General (he signed the letter rather than one of the many Assistant or Associate

Attorneys' General) who determined to refuse representation and/or indemnification of the Defendant, Carlos Padro, without offering an explanation. While the relevant statute, Conn. Gen. Stat. §5-141d does not specifically state that the Attorney General must explain his reasoning for denying a state officer representation, in light of the testimony and evidence elicited from several other co-defendants, both parties and non-parties to this litigation, it is highly unfair and prejudicial to the Defendant, Carlos Padro, to quash the deposition of the Attorney General and only the Attorney General, through proper discovery procedures, can shed light on the decision he made and why he made it.

Indeed, the Second Circuit has held that high-ranking government officials can be ordered to be deposed without such an order arising to judicial usurpation of power or abuse of discretion on the part of the court. See In Re United States Department of Commerce 2018 WL 6006885 (2d. Cir 2018). See also In Re United States Department of Commerce 2018 WL 600904 (2d. Cir 2018) (holding that the court did not abuse its discretion in ordering the deposition of the Acting Assistant Attorney General given his apparent authorship of a December 2017 Department of Justice letter).

I. **Relevant Factual and Procedural History**

   a. The Plaintiffs brought this action on behalf of the estate of Carl Talbot, who was an inmate at the New Haven Whalley Correctional Institution in New Haven, CT, and who died in March 2019 while in the custody of Department of Corrections

staff at the aforementioned prison facility. The Plaintiffs brought a lawsuit pursuant to 42 U.S.C. §1983 alleging that the defendants violated the Eighth and Fourteenth Amendments by using excessive force on Talbot, failing to provide proper medical care after using force, and failing to intervene to prevent excessive use of force. Upon receipt of the complaint, the Attorney General, pursuant to Conn. Gen. Stat. §5-141d, determined based upon "our" investigation, that the facts and circumstances of the alleged conduct would making representing the Defendant, Carlos Padro inappropriate. The Attorney General made the Defendant, Carlos Padro, aware of his conclusion via letter. The Attorney General made no mention of the factual underpinnings that formed the basis for his decision. Notwithstanding, the Attorney General, through his subordinates, has appeared on behalf of all of the other co-defendants in this case.  The fact that Padro remains unrepresented by the Attorney General, coupled with a complete absent reasoning by the Attorney General as to why Padro has been denied representation, can only be answered by the Attorney General himself through his testimony and the production of supporting documents at a deposition.

b. The Information Sought By the Plaintiffs is Narrowly Tailored and Limited in Scope

Despite the Attorney General's contention that the Plaintiff's subpoena is silent as to the specific topics they intend to question the Attorney General, the inquiry is narrowly tailored to ascertain the factual underpinnings the Attorney General formed that was the basis to conclude that representing the Defendant, Carlos Padro, would be inappropriate. Such an inquiry is appropriate and just under the circumstances when deposition testimony elicited by Plaintiffs' counsel has revealed gross and egregious infractions of Department of Correction policies on all defendants in this case, yet only Padro has been excluded from representation by the Attorney General. The Defendant, Carlos Padro, is entitled to an explanation by the Attorney General as to what the factual basis was that allowed the Attorney General's conclusion that representing him was inappropriate. This line of inquiry can hardly be said to be improper.

II. **The Eleventh Amendment to the U.S. Constitution Does not Apply in This Case and the Court Should Deny the Motion to Quash and Order the Deposition of the Attorney General**

The Attorney General cites no caselaw with respect to whether a State Attorney General enjoys the same sovereign immunity as that of federal agencies. Indeed, the one case the Attorney General cites was decided by the Second Circuit and held to the contrary. See Jackson v. AFSCME Local 196, 2008 WL 1848900 (D. Conn. April 2008). In Jackson,

the court narrowly held that in some cases, the Eleventh Amendment is applicable in cases where a federal agency is subject to a lawsuit by a private citizens and federal courts apply a limited focus to a Eleventh Amendment inquiry to determine only whether a federal court judgment would be paid out of the state's treasury. Id at 2. Indeed, the Eight Circuit has also denied a non-party state entity's motion to quash a subpoena, holding that there was simply no authority for the position that the Eleventh Amendment shields government entities from discovery in federal court. See In Re Missouri Dept. of Natural Resources, 105 F.3d 434, 436 (8th Cir. 1997). The Attorney General correctly cites that the United States Supreme Court articulated the general rule that, a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration. See Dugan v. Rank, 372 U.S. 609, 620 (1963). The 5th Circuit interpretation of this rule in Russell v. Jones, 49 F.4th 507 (5th Cir. 2022), was far too broad and the emphasis the Attorney General places on this case is misplaced. In Russell, the non-party of the subpoena were judges of the states, not the state's Attorney General. Moreover, the line of cases cited by the Attorney General apply only to federal agencies, and not state agencies or state actors, such as the Attorney General.

  Even if sovereign immunity applies to the Attorney General, which it does not, the motion to quash should be stayed pending the resolution on the issue of immunity. See Massey v. Willard, 2023 WL 1102595 (E.D. LA 2023).

**III.   The Second Circuit has held that high-ranking government officials can be ordered to be deposed without such an order arising to judicial usurpation of power or abuse of discretion on the part of the court.**

There exist extraordinary circumstances that in fact justify the deposition of the Attorney General, despite his high-ranking status in state government. Through the multitude of deposition testimony from several party, and non-party, deponents in this case, the testimony clearly lays the foundation that several DOC officials had acted willfully, wantonly, and in violation of DOC policies. Namely, one defendant had placed his entire body weight on the torso of Talbot while he laid semi-conscious on the prison cell bunk. This same DOC official was found to have violated the same DOC policies as that of the Defendant, Carlos Padro. Moreover, the deposition testimony of Lieutenant Arden Coggins revealed that he failed to intervene on shortcomings of other DOC officials dealing with Talbot, and despite having a duty to intervene. Hundreds of pages of deposition testimony from the sixteen defendants paint a portrait of failures and shortcomings on the part of all the defendants. Yet, the Attorney General concludes, in a single paragraph, that only the Defendant, Carlos Padro, will not be represented by his office in this case without pointing to a single act, or lack thereof, on the part of Padro that would justify the Attorney General's conclusion.

Moreover, only the Attorney General possesses the factual information sought. Deposition testimony of three aides of the Secretary of Commerce was inappropriate when

the Secretary himself had the knowledge to answer the questions asked. See In Re United States Department of Commerce. Indeed, the Attorney General himself in this case signed the letter he sent to the Defendant, Carlos Padro, indicating that he would not be representing him in this case, rather than one of his subordinates. This much suggests that it was the Attorney General himself who became intimately familiar with the facts of this case to sign the letter he sent to Defendant, Carlos Padro, and not someone else from his office. Thus, only he possesses the unique factual knowledge material to this action.

## CONCLUSION

For the foregoing reasons, this court should deny the motion to quash filed by the Attorney General and order him to attend his deposition scheduled for a future date.

DEFENDANT, CARLOS PADRO

By: /S/ ct12299
Jeffrey L. Ment
Federal Bar No: ct12299
The Ment Law Group, PC
225 Asylum Street
Hartford, CT  06103-3101
Tel. (860) 969-3200
Fax: (860) 969-3210
E-mail: jment@mentlaw.com

## CERTIFICATION OF SERVICE

I hereby certify that on May 19, 2023, a copy of the foregoing Appearance was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

**Stephen R. Finucane**
Office of the Attorney General
110 Sherman Street
Hartford, CT 06105
stephen.finucane@ct.gov

**Arthur C. Laske, III**
Laske Law Firm, LLC
One Eliot Place, 3rd Floor
Fairfield, CT 06824
acl@laskelaw.com

**Terrence M. O'Neill**
Attorney General's Office
110 Sherman St.
Hartford, CT 06105
terrence.oneill@ct.gov

By: _____/S/ ct12299_____
Jeffrey L. Ment, Esq.
The Ment Law Group, PC