UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| COLLEEN LORD AND ROBERT FRANCIS TALBOT, JR. CO-ADMINISTRATORS OF THE ESTATE OF CARL TALBOT<br>    Plaintiffs,<br><br>v.<br><br>CARLOS PADRO, ARDEN COGGINS, NICHOLAS BELANGER, JEFFREY GIBBONS, EDDIE DANIELS, NEKENGIE BROOKSHIRE, CORRON PETAWAY, CHARLES WASHINGTON, MALCOLM GATISON, PATRICK DAVIDSON, BII-RON WILKES, JON ANTOINE, MARGO ZUKOWSKA<br>    Defendants. | : : : : : : : : : : : : : : : : : : : : | No. 3:22-CV-00322 (VLB)<br><br>October 5, 2023 |

### ORDER TO SHOW CAUSE

"It is well established that the public and the press have a qualified First Amendment right to . . . access certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). A court may seal a judicial document or a portion thereof only where the movant shows sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987). When doing so, the District of Connecticut Local Civil Rule 5(e)3 requires the Court to make "particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."

Plaintiffs move to seal Exhibits 14 and 16 to its Motion for Summary Judgment, Dkt. 116, which are training materials used by DOC that are purportedly not publicly available and fall within the scope of an agreed-upon protective order. Dkt. 119.  Plaintiffs also move to seal Exhibits A through C of its Local 56(a)(2) Statement on the same grounds.  Dkt. 130.  Defendants did not respond.

Defendants move to seal Exhibits B and C of their Motion for Summary Judgment, which are hand-held and surveillance videos of the relevant events. Dkt. 121.  Defendants argue that both videos should be sealed because they depict the interior of a correctional facility, which could impact safety and security in part because it shows the interior of the medical unit, the admissions and processing unit, the restrictive housing unit; camera placement (and lack thereof); and how officers respond to an uncooperative inmate.  *Id.* at 3–5.  Defendants add that Exhibit B shows Plaintiff's naked body, although they recognize Plaintiffs do not have privacy concerns.  *Id.* at 5.  Plaintiffs object, arguing Defendants' safety and security argument is "one size fits all" insofar as it could apply to any video of a correctional facility's interior and does not address the particular circumstances of the evidence or the case.  Dkt. 122.  Plaintiffs argue there is a strong public interest to view the video footage of the alleged homicide.  *Id.*

In order to partially or completely seal a document, the Court must make "<u>particularized</u> findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons."  D. Conn. L. Civ. R. 5(e)3.  The motions do not presently enable the Court to do so.

2

With respect to Plaintiffs' motions, Local Rule 5(e)3 explicitly states that parties cannot stipulate to sealing a document and that a protective order does not, standing alone, satisfy the sealing standard. *See* D. Conn. L. Civ. R. 5(e)3. Although described as a training, Exhibit 14 appears to contain general information that could be discerned through an internet search. Exhibit 16 appears to be an attachment to Administrative Directive 6.5, which is made available to inmates. It does not appear Exhibits A through C have been manually filed with the Court. These documents therefore do not appear to require sealing. Any party with an interest in sealing these documents must show cause as to why these documents should be sealed. The party must point to <u>particular</u> information, including proprietary information, in the documents that is not available to the public. The party shall explain (and cite to legal authority) why sealing is essential to preserving the safety and security of the correctional facility and why sealing would be narrowly tailored to achieve these goals.

As for Defendants' motion, the general boilerplate argument about safety and security is insufficient insofar as it does not enable the Court to make particularized findings. The Court is unaware of a blanket rule permitting the sealing of all videos taken inside a prison. Defendants have not pointed the Court to specific minutes/seconds in the videos that depict something of which the general public would be unaware and would undermine the DOC's ability to safely operate the correctional facility if it were made public. Defendants must point to specific, particular instances throughout the video (citing the minutes/seconds) in which safety and security could be compromised if they are made public.

3

**Defendants shall also cite law applicable to the particular circumstances of the videos.**

                                **IT IS SO ORDERED**

                                _____
                                **Hon. Vanessa L. Bryant**
                                **United States District Judge**

**Dated at Hartford, Connecticut: October 5, 2023**